**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**JOHN MEZZALINGUA ASSOCIATES,**
**INC., d/b/a PPC,**

                              *Plaintiff*,

              **-vs-**

**CORNING GILBERT INC.,**

                              *Defendant*.

Civil Action No. 5:12-cv-00911

**ANSWER & COUNTERCLAIM**

### DEFEENDANT CORNING GILBERT INC.'S
### ANSWER & COUNTERCLAIM TO PPC'S AMENDED COMPLAINT

Defendant Corning Gilbert Inc. ("Corning Gilbert") hereby answers the numbered paragraphs of the Amended Complaint as follows:

#### Nature of Action

1.      This action, brought under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, seeks relief arising out of Corning Gilbert's infringement of U.S. Patent Nos. 8,192,237 (the "'237 Patent") and 8,287,320 (the "'320 Patent") (collectively, the "Patents-in-Suit"), of which PPC is the owner by assignment, and which covers coaxial cable connectors sold by PPC. True and correct copies of the '237 and '320 Patents are attached hereto as Exhibits A and B, respectively.

**Answer to Paragraph 1:      Corning Gilbert admits that this action is  brought under the Patent Laws of the United States, 35 U.S.C. §1, *et seq*.  Corning Gilbert admits that copies of the '237 Patent and '320 Patent were attached to the Amended Complaint as Exhibits A and B, respectively.  Corning Gilbert denies that it infringes the '237 Patent and the '320 Patent.  Corning Gilbert is without sufficient information to either admit or deny the remaining allegations of this paragraph, and on that basis, denies them.**

**Parties**

2.      PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

**Answer to Paragraph 2:      Corning Gilbert is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis denies them.**

3.      Upon information and belief, Corning Gilbert is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5320 W. Camelback Road, Glendale, Arizona.

**Answer to Paragraph 3:      Corning Gilbert admits that it is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 5320 W. Camelback Road, Glendale, Arizona.  Corning Gilbert denies the remaining allegations of this paragraph.**

**Jurisdiction and Venue**

4.      This Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 281.

**Answer to Paragraph 4:      Corning Gilbert admits that the Court has subject matter jurisdiction over this action.**

5.      This Court has personal jurisdiction over Corning Gilbert, which regularly engages in extensive business transactions and solicitations in the State of New York and within this District, has contracted to supply goods and services within this District, and/or has committed

acts of patent infringement in this District by making, selling and/or offering to sell, directly and/or through its agents or distributors, products that infringe one or more of the claims of one or more of PPC's patents.

**Answer to Paragraph 5:** **Corning Gilbert admits that this Court has personal jurisdiction over it in this case.  Corning Gilbert denies that it has committed acts of patent infringement in this District and denies the remaining allegations of this paragraph.**

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District.

**Answer to Paragraph 6:** **     Corning Gilbert admits that venue over it exists in this district.  Corning denies the remaining allegations of this paragraph.**

## Factual Allegations The Industry

7.     PPC is a privately-held, family-operated company that is now in its third generation.

**Answer to Paragraph 7:** **     Corning Gilbert is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

8.     PPC is a worldwide leader in the design and manufacture of coaxial cable connectors for the cable and telecommunication industries.

**Answer to Paragraph 8:** **     Corning Gilbert is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

9.      PPC invests a substantial amount of capital in product development and improvement to maintain its position as a leading producer of innovative cable connector products.

**Answer to Paragraph 9:      Corning Gilbert is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

10.      Coaxial cable connectors are used to link coaxial cable between various electronic devices, including televisions, cable television boxes and computer modems.

**Answer to Paragraph 10:    Corning Gilbert admits that coaxial cable connectors can be used, among other uses, to link coaxial cable between various electronic devices, including televisions, cable television boxes and computer modems.**

11.      PPC's cable connectors are used indoors and outdoors to connect cables from external sources (*e.g.,* a utility pole) to end-user electronic devices.

**Answer to Paragraph 11:    Corning Gilbert lacks sufficient information as how PPC's connectors are used and therefore denies the allegations of this paragraph.**

12.      Due to the high cost of labor associated with installing and maintaining cable connections, manufacturers of coaxial cable connectors attempt to design connectors that allow installers to create a long-term, reliable connection as quickly and easily as possible.

**Answer to Paragraph 12:    Corning Gilbert admits that its coaxial cable connectors are designed to be installed to create a long-term, reliable connection.  Corning Gilbert lacks knowledge as to how its competitors design their products and thus**

denies the remaining allegations of this paragraph.  Except as expressly admitted,
Corning Gilbert denies the allegations of this paragraph.


### The '237 Patent

13.      On February 23, 2011, PPC filed a patent application on the invention of Eric Purdy,

Noah Montena, and Jeremy Amidon, U.S. Patent Application Serial No. 13/033,127 (the "'127

Application"), entitled "Coaxial Cable Connector Having Electrical Continuity Member".


> **Answer to Paragraph 13:    Corning Gilbert admits that the `237 patent, on its face,
> states that it was filed on February 23, 2011, naming as inventors Eric Purdy, Noah
> Montena, and Jeremy Amidon and that it was assigned U.S. Patent Application Serial
> No. 13/033127.   Corning Gilbert denies the remaining allegations of this paragraph.**


14.      On June 5, 2012, the '127 Application resulted in the issuance of the '237 Patent. The

'237 Patent was assigned to PPC. PPC is the sole owner of, and has the sole right to sue upon, the

'237 Patent.


> **Answer to Paragraph 14:    Corning Gilbert admits that the `237 Patent, on its face,
> states that it issued on June 5, 2012, but denies that the patent was properly issued or
> issued in accordance with the Patent Laws of the United States.  Corning Gilbert is
> without sufficient information to either admit or deny the remaining allegations of
> this paragraph, and on that basis, denies them.**


15.      PPC has not licensed Corning Gilbert to practice the '237 Patent and Corning Gilbert

has no right or authority to license others to practice the '237 Patent.


> **Answer to Paragraph 15:    Corning Gilbert is without sufficient information to
> either admit or deny the allegations of this paragraph, and on that basis, denies them.**

16.     Corning Gilbert has actual notice of its infringement of the '237 Patent at least as a result of the commencement of this action.

      **<u>Answer to Paragraph 16:</u>   Corning Gilbert admits that the '237 Patent was attached to the Complaint served on it.  Corning Gilbert denies the remaining allegations of this paragraph.**

## The '320 Patent

17.     On December 8, 2009, PPC filed a patent application on the invention of Eric Purdy, Noah Montena, and Jeremy Amidon, U.S. Patent Application Serial No. 12/633,792 (the "'792 Application"), entitled "Coaxial Cable Connector Having Electrical Continuity Member".

      **<u>Answer to Paragraph 17:</u>   Corning Gilbert admits that the `320 patent, on its face, states that it was filed on December 8, 2009, naming as inventors Eric Purdy, Noah Montena, and Jeremy Amidon and that it was assigned U.S. Patent Application Serial No. 12/633,792.  Corning Gilbert denies the remaining allegations of this paragraph.**

18.     On October 16, 2012, the '792 Application resulted in the issuance of the '320 Patent. The '320 Patent was assigned to PPC. PPC is the sole owner of, and has the sole right to sue upon, the '320 Patent.

      **<u>Answer to Paragraph 18:</u>   Corning Gilbert admits that the `320 patent states, on its face, that it issued on October 16, 2012, but denies that the patent was properly issued or issued in accordance with the Patent Laws of the United States.  Corning Gilbert is without sufficient information to either admit or deny the remaining allegations of this paragraph, and on that basis, denies them**

19.     PPC has not licensed Corning Gilbert to practice the '320 Patent and Corning Gilbert has no right or authority to license others to practice the '320 Patent.

**Answer to Paragraph 19:    Corning Gilbert is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

20.    Corning Gilbert has actual notice of its infringement of the claims of the '320 Patent through its receipt of correspondence from PPC to Corning Gilbert dated February 18, 2011, and at least as a result of the commencement of this action.

**Answer to Paragraph 16:   Corning Gilbert admits that the '320 Patent was attached to the Amended Complaint served on it.   Corning Gilbert denies the remaining allegations of this paragraph.**

## Count I

### (Infringement of the '237 Patent)

21.    PPC repeats and reasserts all allegations contained in Paragraphs 1 through 20 above as if they were stated in full herein.

**Answer to Paragraph 21:    Corning Gilbert incorporates by reference, as fully set forth herein, its responses to paragraphs 1-21 of the Amended Complaint.**

22.    Corning Gilbert has infringed at least one claim of the '237 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, Corning Gilbert's UltraShield series connectors that bear model numbers such as GF-URS-59, GF-URS-59-K, GF-URS-59-SR, GF-URS-6, GF-URS-6-K, and GF-URS-6-SR.

**Answer to Paragraph 22:    Corning Gilbert denies the allegations of this paragraph.**

23.     Corning Gilbert's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of good will.

**Answer to Paragraph 23:    Corning Gilbert denies the allegations of this paragraph.**

24.     Upon information and belief, Corning Gilbert's unlawful infringing activity will continue unless and until Corning Gilbert is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 24:    Corning Gilbert denies the allegations of this paragraph.**

25.     Corning Gilbert's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 25:    Corning Gilbert denies the allegations of this paragraph.**

**Count II**
***(Infringement of the '320 Patent)***

26. PPC repeats and reasserts all allegations contained in Paragraphs 1 through 25 above as if they were stated in full herein.

**Answer to Paragraph 26:    Corning Gilbert incorporates by reference, as fully set forth herein, its responses to paragraphs 1-25 of the Amended Complaint.**

27.     Corning Gilbert has infringed at least one claim of the '320 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, Corning Gilbert's UltraShield series connectors that bear model numbers such as GF-URS-59, GF-URS-59-K, GF-URS-59-SR, GF-URS-6, GF-URS-6-K, and GF-URS-6-SR.

**Answer to Paragraph 27:     Corning Gilbert denies the allegations of this paragraph.**

28.     Corning Gilbert's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of good will.

**Answer to Paragraph 28:     Corning Gilbert denies the allegations of this paragraph.**

29.     Upon information and belief, Corning Gilbert's unlawful infringing activity will continue unless and until Corning Gilbert is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 29:     Corning Gilbert denies the allegations of this paragraph.**

30.     Corning Gilbert's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 30:     Corning Gilbert denies the allegations of this paragraph.**

**Except as expressly admitted above, Corning Gilbert denies each and every allegation of PPC's Amended Complaint and denies that PPC is entitled to the relief for which it prays and denies that PPC is entitled to any relief.**

## CORNING GILBERT'S DEFENSES

### FIRST DEFENSE

31.     PPC's Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

32.     Corning Gilbert does not infringe and has not infringed any valid and enforceable claim of the '237 Patent and '320 Patent.

### THIRD DEFENSE

33.     The '237 Patent and '237 Patent are invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code § 1, *et seq*.

### FOURTH DEFENSE

34.     PPC's claims are barred in whole or in part by the doctrines of waiver, acquiescence, laches, estoppel, implied license, unclean hands,  patent misuse, and/or any other equitable remedy.

### FIFTH DEFENSE

35.     Corning has engaged in all relevant activities in good faith, thereby precluding PPC, even if it prevails, from recovering reasonable attorney's fees and/or costs under 35 U.S.C. 285.

### SIXTH DEFENSE

36.     PPC's claim for damages is barred in whole or in part by its failure to comply with 35 U.S.C § 287.

**SEVENTH DEFENSE**

37.     PPC is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and will not suffer any irreparable injury.

## COUNTERCLAIM

38.     Pursuant to FED. R. CIV. P. 13, Counter-Plaintiff, Corning Gilbert, Inc. ("Corning Gilbert"), complains and alleges against Counter-Defendant, John Mezzalingua Associates, Inc. d/b/a PPC ("PPC"), as follows:

## NATURE OF THE LAWSUIT

39.     This Counterclaim is an action for a declaration of patent non-infringement, patent invalidity, and unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq., and the patent laws of the United States, 35 U.S.C. § 1, et. seq.

## PARTIES

40.     Corning Gilbert is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 5320 W. Camelback Road, Glendale, Arizona.

41.     The Amended Complaint alleges that PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

## JURISDICTION AND VENUE

42.     This Court has subject matter jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338, 2201-02 and under FED. R. CIV. P. 13(a) in that this is a compulsory counterclaim to the allegations of the Amended Complaint.

43.     Venue is proper in this judicial district because the declaratory relief sought is a compulsory counterclaim to claims filed by PPC in this case and pursuant to 28 U.S.C. §§ 1367 and 1391(b) .

44.     This Court has personal jurisdiction over PPC, *inter alia*, because PPC has submitted to personal jurisdiction herein by filing its Amended Complaint in this Court.

## COUNT I
## <u>INVALIDITY – NON-INFRINGEMENT – UNENFORCEABILITY</u>

45.     Corning Gilbert re-alleges and incorporates herein the foregoing allegations of paragraphs 38-44.

46.     By virtue of the Amended Complaint filed by PPC in this action, there is an actual and justifiable controversy between Corning Gilbert and PPC concerning non-infringement, invalidity, and unenforceability with respect to the '237 Patent and the '320 Patent.  A judicial declaration is needed and appropriate to resolve this controversy.

47.     Corning Gilbert seeks a declaration that the products made, used, imported, sold or offered for sale by Corning Gilbert have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '237 Patent and the '320 Patent and/or that the '237 Patent and the '320 Patent are either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq*.

48.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Corning Gilbert respectfully requests that this Court:

A.      Dismiss PPC's Amended Complaint with prejudice;

B.      Order and adjudge that Corning Gilbert has not infringed any valid, enforceable claims of the '237 Patent and the '320 Patent;

C.      Order and adjudge that the '237 Patent and the '320 Patent are invalid under the patent laws of the United States for failure to comply with requirements of patentability set forth in Title 35, United States Code § 1, *et seq*.;

D.      Order and adjudge that the '237 Patent and the '320 Patent are unenforceable;

E.      Order and adjudge that this case is exceptional pursuant to 35 U.S.C. § 285, and award Corning Gilbert its reasonable attorney's fees; and

F.      Grant Corning Gilbert such further relief as this Court deems just and appropriate.

## JURY DEMAND

Corning hereby demands a jury trial on all issues so triable in this case.


Respectfully submitted,

Dated:  October 30, 2012                DLA PIPER LLP (US)
                                        HARTER SECREST & EMERY LLP

                                        By:    /s/ Joseph P. Lavelle

David M. Lascell (Bar Roll No. 301665)      Joseph P. Lavelle (admitted *pro hac vice*)
Jerauld E. Brydges (Bar Roll No. 511646)    Andrew N. Stein (Bar Roll No. 514620)
HARTER SECREST & EMERY LLP                  DLA PIPER LLP (US)
1600 Bausch & Lomb Place                    500 Eighth Street, NW
Rochester, NY  14604-2711                   Washington, D.C.  20004
Telephone: (585) 232-6500                   Telephone: (202) 799-4000
Facsimile: (585) 232-2152                   Facsimile: (202) 799-5000
E-Mail: jbrydges@hselaw.com                 E-Mail: joe.lavelle@dlapiper.com
E-Mail: dlascell@hselaw.com                 E-Mail: andrew.stein@dlapiper.com
                                            *Attorneys for Defendant Corning Gilbert, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 30, 2012, I caused Defendant Corning Gilbert Inc.'s Answer, Defenses, and Counterclaim to the Amended Complaint to be filed electronically with the Clerk of the Court via the CM/ECF system, which gave notice to all counsel who have made an appearance in this action.

Dated:  October 30, 2012

By:   /s/ Damon Isaac Anderson