IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

PPC BROADBAND, INC., d/b/a PPC,

        Plaintiff,               Civil Action No.
                                          5:12-CV-0911 (GLS/DEP)

   v.

CORNING GILBERT, INC.,

        Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

HISCOCK & BARCLAY, LLP          DOUGLAS J. NASH, ESQ.
One Park Place                           JOHN D. COOK, ESQ.
300 South State Street                 JASON C. HALPIN, ESQ.
Syracuse, NY 13202

FOR DEFENDANT:

DLA PIPER LLP (US)                  JOSEPH P. LAVELLE, ESQ.
500 Eighth Avenue NW             ANDREW N. STEIN, ESQ.
Washington, DC 22004

HARTER, SECREST & Emery LLP    DAVID M. LASCELL, ESQ.
1600 Bausch & Lomb Place          JERAULD E. BRYDGES, ESQ.
Rochester, NY 14604

FOR PROPOSED INTERVENOR
TIMES FIBER COMMUNICATIONS:

BLANK ROME LLP                    CHARLES R. WOLFE, JR., ESQ.
600 New Hampshire Ave. NW       JOEL L. DION, ESQ.
Washington, DC 20037

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is a patent infringement action brought by plaintiff PPC Broadband, Inc., d/b/a PPC ("PPC"), against a direct competitor, defendant Corning Gilbert, Inc., ("Corning Gilbert"), alleging that Corning Gilbert infringed four separate patents relating to coaxial cable connectors. The patents in suit involve a connector design structure intended to foster continuity of grounding and electromagnetic shielding from the coaxial cable, to which the device is attached, to the cable interface port. Corning Gilbert has denied infringement, asserted several affirmative defenses, and counterclaimed seeking a declaratory judgment of non-infringement, patent invalidity, and unenforceability.

This action is well advanced. I have issued a report recommending construction of several disputed claim terms within the four patents in suit, and that report and recommendation is currently under consideration by Chief District Judge Gary L. Sharpe. Arguing that the proposed construction of two of the disputed claim terms could have an adverse effect in connection with an action brought against it by PPC for infringement of three of the patents at issue in this case, Times Fiber Communications, Inc. ("Times Fiber"), another of PPC's competitors,

seeks leave to intervene in this action either as a matter of right or pursuant to the less demanding permissive joinder provisions of the governing rule. For the reasons set forth below, I recommend that Times Fiber's motion be denied.

I. BACKGROUND

This action was commenced on June 5, 2012. In its complaint, PPC asserts infringement of four separate patents relating to connectors used to link coaxial cables with devices such as televisions, cable boxes, and computer modems. PPC maintains that Corning Gilbert's UltraShield connectors infringe certain of the claims of those patents.

A claim construction hearing in this matter was conducted by me on August 7, 2013. Following that hearing, I issued a report, dated December 5, 2013, containing recommendations to Chief Judge Sharpe regarding twelve disputed claim terms, two of which are common to all four patents in suit, and the remainder appearing in one or more of them. Objections to that report have been filed by the parties, and the matter of claim construction is presently before Chief Judge Sharpe for determination.[1]

---

[1] Consideration of my claim construction recommendations has been held in abeyance pending resolution of a motion brought in this action by defendant Corning Gilbert to stay the case in light of *inter partes* review ("IPR") proceedings commenced with respect to three of the four patents in suit, as well as an *inter partes* reexamination proceeding regarding the fourth patent. By decision and order issued on March 13, 2014, I granted that motion, in part, directing the parties to complete discovery in this

3

On December 23, 2013, Times Fiber filed a motion to intervene in this action for the limited purpose of objecting to my recommended construction of two claim terms, including "continuity member" and "electrical grounding continuity and/or electrical continuity." Times Fiber is a defendant in a patent infringement suit brought by PPC on April 25, 2013. *See PPC Broadband, Inc. v. Times Fiber Commc'ns, Inc.,* No. 13-CV-460 (TJM/DEP). In that matter, PPC asserts infringement of three of the four patents involved in this case, all of which include the two terms upon which Times Fiber's motion is centered.

II. DISCUSSION

A. Jurisdiction

As a threshold matter, I must examine whether the instant motion seeks relief that is non-dispositive in nature, and hence within my non-consensual purview, or instead dispositive and beyond the limits of my authority absent consent of the parties under 28 U.S.C. § 636(c).

Various courts in this circuit have held that motions for leave to intervene are non-dispositive, and thus suitable for final disposition by a magistrate judge even absent consent of the parties and proposed

---

action, but finding that the case should be stayed at the close of discovery, precluding dispositive motions until after the Patent Trial and Appeal Board ("PTAB") has issued its decisions with respect to those administrative proceedings.

4

intervenor. *See*, *e.g.*, *Int'l. Chem Corp. v. Nautilus Ins. Co.*, No. 09-CV-0359, 2010 WL 3070101, at n.1 (W.D.N.Y. Aug. 3, 2010) (Foschio, M.J.) ("Motions to intervene are considered as non-dispositive."); *Canadian St. Regis Band of Mohawk Indians v. State of N.Y.*, Nos. 92-CV-0783, 82-CV-1114, 89-CV-0829, 2005 WL 2573468, at *3 (N.D.N.Y. Oct. 11, 2005) (McCurn, J.) ("A motion to intervene is non-dispositive."); *Rhodes v. Ohse*, No. 07-CV-0017, 1998 WL 809510, at *2, (N.D.N.Y. Oct. 30, 1998) (Scullin, J.) ("Congress has expressly listed eight matters in [section] 636(b)(1)(A) as dispositive, and the list does not contain motions to intervene."). However, while the Second Circuit has yet to squarely address this issue, two cases from that court suggest that a request to intervene is dispositive, and falls outside a magistrate judge's authority absent the consent of the parties. *See N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 24-25 (2d Cir. 1993) (holding that, even where the original parties had consented, "[w]ithout the consent of the intervenors, the magistrate judge's order has the effect only of a report and recommendation to the district judge" (quotation marks omitted)); *accord*, *Stackhouse v. McKnight*, 168 F. App'x 464, 466 (2d Cir. 2006) ("[W]e have held that a district judge must rule on a motion to intervene brought by a third party, unless the party making the motion also

5

specifically consents to having the magistrate judge rule on it."); *see also Stutts v. De Dietrich Group*, No. 03-CV-4058, 2005 WL 3158038, at *2 n.1 (E.D.N.Y. Nov. 28, 2005) (Go, M.J.) (citing *N.Y. Chinese TV Programs, Inc.*, and finding that, "[s]hould any party now seek to object, this order shall have the effect only of a report and recommendation to the district judge" (quotation marks omitted)). In light of these decisions, and out of an abundance of caution, this opinion has been formatted as a report and recommendation to the assigned district judge.

  B. <u>Governing Legal Standards</u>

  In its motion, Times Fiber argues that it has an interest in this action, and that the parties to this suit cannot adequately represent that interest. It therefore maintains that it is entitled to intervene in the action as a matter of right. Alternatively, Times Fiber seeks permissive intervention, submitting that it shares a common question of law, namely claim construction, with this action. *Id.* at 6-7. Accordingly, Times Fiber's motion implicates both Rules 24(a)(2) and 24(b) of the Federal Rules of Civil Procedure.

### 1. Intervention as of Right

Intervention as a matter of right is governed by Rule 24(a)(2) of the Federal Rules of Civil Procedure. That rule provides, in pertinent part, that

> [o]n timely motion, the court must permit anyone to intervene who. . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). To qualify for intervention as a matter of right, a proposed intervenor must "'(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action.'" *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (quoting *In re Holocaust Victim Assets Litig.,* 225 F.3d 191, 197 (2d Cir. 2000)); *accord*, *Hoblock v. Albany Cnty. Bd. of Elections*, 233 F.R.D. 95, 98 (N.D.N.Y. 2005) (Kahn, J.). If any of these four requirements is not satisfied, intervention as a matter of right must be denied. *D'Amato*, 236 F.3d at 84.

## 2. Permissive Joinder

A party that does not qualify for intervention as a matter of right may, in the alternative, request permission to intervene under Rule 24(b), which provides that, "[o]n timely motion, the court may permit anyone to intervene who. . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Rule 24(b) necessarily vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims." *Secs. & Exch. Comm'n v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972); *accord*, *Cantazano by Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir. 1996). When deciding whether to exercise that discretion in favor of allowing intervention, "a court must examine whether intervention will prejudice the parties to the action or cause [undue] delay." *Envirco Corp. v. Clestra Cleanroom, Inc.*, No. 98-CV-0120, 2002 WL 31115664, at *4 (N.D.N.Y. Sept. 24, 2002) (Munson, J.) (citing *D'Amato*, 236 F.3d at 84); *accord*, *Hoblock*, 233 F.R.D. at 98. "Additional relevant factors include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit

and to the just and equitable adjudication of the legal questions presented." *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (quotation marks omitted).

    C.    <u>Analysis of Times Fibers' Motion to Intervene</u>

Setting aside the issue regarding whether the pending motion is timely,[2] I conclude that Times Fiber does not have an interest in the property or transaction that is the subject of this action. This is a patent infringement suit against Corning Gilbert based upon its marketing of UltraShield connectors. The patents at issue are owned by PPC, and Times Fiber has no interest in them. Nor does Times Fiber have any direct interest in Corning Gilbert's manufacture and sale of the accused UltraShield connectors.

Even if it could be said that Times Fiber had an interest in this action, it has failed to demonstrate that its interest could be impaired by the disposition of the case. While it is true that Times Fiber, like Corning Gilbert, has been sued by PPC, and that action involves three of the same patents implicated in this action, any ruling by the court in this matter concerning claim construction will not be binding in that case. Rather,

---

[2]     Corning Gilbert maintains that Times Fiber's motion to intervene is untimely, and should have been filed shortly after May 3, 2013, the date on which the parties' joint claim construction statement was publically filed in this matter.

9

Senior District Judge Thomas J. McAvoy, who presides in that action, will make his own independent assessment of claim construction. As a prelude to that determination, Times Fiber will undoubtedly be given a full opportunity to present proposed constructions it now contends the court has yet to consider, and, if necessary, to argue that any claim construction issued in this case cannot be supported. *See Ravo v. Tyco Healthcare Group LP*, No. 11-CV-1637, 2013 WL 3326657, at *6 (W.D. Pa. Mar. 13, 2013) ("While a district court's claim construction is not binding precedent on the same judicial district or the same judge in a different case for purposes of *stare decisis*, the case law indicates that district court claim construction decisions will be given careful consideration and considerable deference by later court *unless there is . . . a new party that raises new arguments*." (emphasis added)); *Sears Petroleum & Transp. Corp. v. Archer Daniels Midland Co.*, No. 03-CV-1120, 2007 WL 2156251, at *8 (N.D.N.Y. July 24, 2007) (Peebles, M.J.) ("When, during claim construction, parties fail to raise new arguments not previously presented, deference is ordinarily required to a court's prior construction of the same patent claims. In the event that new contentions are urged, however, a court may opt to reconsider its prior rulings construing the same patent terms[.]"); *Texas Instruments, Inc. v. Linear Techs. Corp.*, 182 F. Supp. 2d

580, 589-90 (E.D. Tex. 2002) ("This Court does not disagree that the application of previously construed claims to independent defendants may be appropriate in some cases. But while the Court is respectful of Judge Heartfield's ruling construing some of the claims in the [disputed patents], it finds no authority, either binding or persuasive, that instructs that it must utilize the claim construction reached by the court in [a separate action]. Furthermore, in those cases where, as here, defendants have had no chance to litigate their claims, application of *stare decisis* in the form of an adoption of claims without Defendants' participation could cause an injustice of precisely the sort that due process seeks to avoid.").

Accordingly, because I find that Times Fiber has failed to show it has an interest in this litigation, or that, even assuming it could has an interest, it would be impaired by the disposition of this action, I conclude that Times Fiber has not demonstrated its entitlement to intervene in the action as a matter of right.

Turning to permissive joinder, I recommend that the court's discretion be exercised in favor of denial of Times Fiber's motion. The court has been unable to uncover, and Times Fiber cannot cite, any case in which an accused infringer has been permitted to intervene and be heard regarding the issue of claim construction in an action between a

patentee and another accused infringer.  If intervention were permitted under such circumstances, it seems likely that the courts would be inundated with requests by accused infringers, or even potentially those fearing infringement litigation, to be heard regarding the question of claim construction.  To permit such a practice would wreak havoc on the courts and further complicate already expensive and complex patent infringement litigation.

In sum, having considered the relevant factors, I recommend that Times Fiber not be permitted to intervene in this case.  Times Fiber will have ample opportunity to advocate for claim construction in the action brought against by PPC.  The fact that the judge in that case may look to this action for guidance regarding claim construction is an interest too attenuated to support intervention.[3]

III. SUMMARY AND RECOMMENDATION

The instant motion for leave to intervene requests relief that is both novel and fraught with potential negative consequences that could well tend to be disruptive to patent litigation in general.  To permit an accused infringer leave to intervene in an action against another accused infringer

---

[3] It should be noted there is also a very real possibility that Chief Judge Sharpe may reject all or some of my proposed constructions, or that the PTAB's decision in the pending administrative proceedings involving the four patents in suit may materially reshape the claim construction landscape.

for the purpose of advocating claim construction could have far-reaching precedential consequences, and would unduly complicate already complex and expensive patent litigation. Because Times Fiber is a party to a separate infringement suit in which it will have a full and fair opportunity to advocate for its preferred construction, and the judge in that case may choose to accept Times Fiber's position despite a contrary ruling in this case, I conclude that it would be improvident to grant leave to intervene in this matter. Accordingly, it is hereby respectfully

RECOMMENDED that the motion of Times Fiber Communications, Inc., for leave to intervene in this action for the limited purpose of addressing claim construction (Dkt. No. 67) be DENIED in all respects.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     March 14, 2014
              Syracuse, New York

*David E. Peebles*
U.S. Magistrate Judge